United States District Court
Southern District of Texas
**ENTERED**
March 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| NABOR CRUZ-PEREZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 5:18-CV-00086 |
| § | CRIMINAL ACTION NO. 5:15-CR-1401-1 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner Nabor Cruz-Perez, *pro se*, filed a 28 U.S.C. § 2255 Motion challenging both his conviction and sentence for illegal re-entry in violation of 8 U.S.C. § 1326. (Dkt. Nos. 1 and 2, Cr. Dkt. Nos. 83 and 84.)[1] The District Court has referred this case to the undersigned United States Magistrate Judge. (Dkt. No. 7.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge respectfully submits this Report and Recommendation recommending that Petitioner's Motion be **DENIED**, and this civil action be **DISMISSED WITH PREJUDICE**.

## I. Background

### A. Petitioner's Immigration and Criminal History

On November 3, 2015, Border Patrol agents encountered Petitioner near Bonuglis, which is located near Laredo, Texas. (Cr. Dkt. No. 55 at 4.) It was then determined that Petitioner unlawfully entered the United States from Mexico by wading across the Rio Grande. (*Id.*) He was also a Mexican citizen illegally in the United States. (*Id.* at 4–5.) A subsequent record check further revealed that Petitioner had twice been deported to Mexico. (*Id.* at 5.) Additionally, Petitioner had three prior convictions—one each in 2009, 2010, and 2012—in California for

---

[1] "Dkt. No." refers to the civil case and "Cr. Dkt. No." refers to the Petitioner's criminal case, 5:15-cr-1401-1.

"Possession for Sale of a Controlled Substance." (*Id.*) Finally, he had a prior conviction in 2013 for illegal re-entry after prior deportation in violation of 8 U.S.C. § 1326. (*Id.*, Cr. Dkt. No. 56 at 45.)

### B. Indictment, Guilty Plea and Sentencing

Petitioner was indicted for illegal re-entry after prior deportation in violation of 8 U.S.C. § 1326 (Cr. Dkt. No. 8), and he subsequently pled guilty. (Cr. Dkt. No. 74 at 84:14–25.) Petitioner's Presentence Investigation Report calculated his base offense level as eight. (Cr. Dkt. No. 55 at 6.) His base level was then adjusted upward 16 levels due to his prior deportation following a felony drug trafficking conviction under U.S.S.G. § 2L1.2(b)(1)(A)(i) (2015). (*Id.* at 7.) Finally, his offense level was adjusted downward three levels for acceptance of responsibility. (*Id.* at 8.) Therefore, Petitioner's total offense level was 21, criminal history category of VI, which resulted in a sentencing range of 77 to 96 months imprisonment. (Cr. Dkt. No. 58 at 1.)

At sentencing, Petitioner's counsel objected to the 16-level enhancement and instead requested a four-level enhancement. (Cr. Dkt. No. 78 at 12:2–16.) The Court sustained the objection and recalculated the total offense level to 10,[2] criminal history category of VI, with a sentencing range of 24 to 30 months. (*Id.* at 15:18–25.) The Court then imposed a 36-month sentence that exceeded the upper guideline range due to Petitioner's criminal and immigration history. (*Id.* at 20:11–23; Cr. Dkt. No. 66.) Additionally, the Court imposed an 18-month sentence for his supervised release violation to run consecutive to his 36-month sentence. (Cr. Dkt. No. 78 at 20:6–23.) The Fifth Circuit subsequently affirmed Petitioner's conviction and sentence. *United States v. Cruz-Perez*, No. 16-41563, 691 F. App'x 183, 184 (5th Cir. June 21,

---

[2] The total offense level of 10 was calculated as follows: a base level of eight plus a four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(D) (2015), minus two levels for acceptance of responsibility. (Cr. Dkt. No. 78 at 12:12–16.)

2017) (per curiam).

## II. Standard of Review

After conducting an initial examination of a motion to vacate pursuant to § 2255, the court must dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." RULE 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS. Additionally, a § 2255 motion can be dismissed without an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## III. Petitioner's Motion

In his Motion, Petitioner contends that a new constitutional rule set forth by the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), invalidates his prior removal order that served as the basis for his conviction under 8 U.S.C. §1326. (Dkt. No. 1 at 4.) Without a predicate removal order, Petitioner argues that his conviction for violation of 8 U.S.C. § 1326 is unconstitutional and invalid. (*Id.*) In the alternative, and if the Court is not inclined to invalidate his prior removal order, Petitioner requests that the Court remand the underlying criminal case for resentencing without imposing a 16-level enhancement. (*Id.* at 13.)

"In *Dimaya*, the Supreme Court held that the definition of a 'crime of violence,' found at [18] U.S.C. § 16(b), was unconstitutionally vague as applied and incorporated into the immigration law." *Melendez-Jimenez v. U.S.*, No. CR B:15-168-1, 2018 WL 3720064, at *5 (S.D. Tex. July 11, 2018) (citing *Dimaya*, 138 S. Ct. at 1223), *report and recommendation adopted*, No. 1:15-CR-168-1, 2018 WL 3708503 (S.D. Tex. Aug. 3, 2018). Section 16(b) defines a crime of violence as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Supreme Court deemed 18 U.S.C. §

16(b) unconstitutionally vague because this definition "necessarily devolved into guesswork and intuition, invited arbitrary enforcement, and failed to provide fair notice." *Dimaya*, 138 S. Ct. at 1223.

Petitioner's reliance on *Dimaya* is misplaced because neither of his prior deportations was premised on crimes on violence. *Dimaya* created a right to challenge convictions premised on crimes of violence as defined under 18 U.S.C. § 16(b). *Id.* Petitioner was deported in 2010 after his drug trafficking conviction and was deported again in 2013 after his felony illegal reentry conviction. (Cr. Dkt. No. 55 at 10–13.) Simply stated, Petitioner's criminal history and deportation orders do not invoke 18 U.S.C. § 16(b) and, thus, are not of type of criminal convictions to support a challenge under *Dimaya*. *See United States v. Castillo*, No. CR H-07-492, 2017 WL 5952909, at *3 (S.D. Tex. Mar. 29, 2017) (holding that drug trafficking offenses are not "crimes of violence" under 18 U.S.C. § 16(b)), *report and recommendation adopted*, No. CR H-07-492, 2017 WL 5953110 (S.D. Tex. Nov. 27, 2017). Accordingly, Petitioner's argument is without merit.

Likewise, Petitioner's request for remand and resentencing is similarly without merit. He contends that his 36-month sentence for illegal re-entry incorporated a 16-level enhancement that is now constitutionally void under *Dimaya*. (Dkt. No. 1 at 4.) Petitioner, however, did *not* receive a 16-level enhancement. The Court imposed a four-level enhancement at Petitioner's request instead of the 16-level enhancement. (Cr. Dkt. No. 78 at 15:18–24.)

**IV. Conclusion**

Accordingly, the Magistrate Judge respectfully **RECOMMENDS** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Dkt. No. 1) be **DENIED**, and this civil action be **DISMISSED WITH PREJUDICE**. The Magistrate Judge further recommends the Court find

that Petitioner made no substantial showing of a denial of a constitutional right, and further, that any appeal would not be taken in good faith. Accordingly, the Magistrate Judge recommends that should Petitioner seek a certificate of appealability, it be **DENIED**, and the Court certify that any appeal should not be taken *in forma pauperis*.

### Warnings

The Parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to all Parties.

Signed on March 11, 2019, at Laredo, Texas.

Sam S. Sheldon
United States Magistrate Judge